# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID BRIAN MORGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-14-1416-D |
| | ) |
| MIKE ADDISON, Warden, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

David Morgan (Plaintiff), a state prisoner appearing pro se, brings this action under 42 U.S.C. § 1983, seeking monetary relief for claimed violations of his civil rights. Doc. 1, at 10.[1] In the caption of his complaint, Plaintiff names only "Mike Addison - Warden" as "Defendant." *Id.* at 1.[2]

United States District Judge Timothy D. DeGiusti referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). The undersigned has reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a),[3] and recommends that Judge DeGiusti

---

[1] Citations reflect this Court's CM/ECF designation and pagination. Quotations in this report are reproduced verbatim unless otherwise indicated. Plaintiff's use of the uppercase is altered in part.

[2] Federal procedural rules require a plaintiff to name all parties in the caption of his complaint. *See* Fed. R. Civ. P. 10(a).

[3] Plaintiff applied for leave to proceed in forma pauperis. Doc. 8. The undersigned granted the application and ordered payment of an initial partial
(continued...)

dismiss Plaintiff's action because his complaint fails to state a claim upon which relief can be granted.[4] *Id.* §§ 1915(e)(2)(B)(ii), 1915A(b)(2).

**I.  Analysis.**

  **A.  Relevant history.**

The undersigned takes judicial notice that prior to bringing this § 1983 action, Plaintiff sought habeas corpus relief, challenging his March 7, 2011 judgment of conviction (following a plea of guilty).[5] Judge Russell dismissed the petition as untimely. *Morgan I*, Docs. 11, 12; *see United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (noting court's "discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand") (internal quotation marks omitted).

The Tenth Circuit agreed and denied Plaintiff's request for a certificate of appealability. *See Morgan v. Addison*, 574 F. App'x 852, 852 (10th Cir. 2014), *cert. denied*, 135 S. Ct. 1496 (Mar. 2, 2015). The court determined that "[f]ederal

---

[3](...continued)
filing fee of $136.66.  Doc. 9.  Plaintiff subsequently tendered the full $350.00 filing fee.  Doc. 10.

[4]     Plaintiff appears pro se, and the undersigned liberally construes his pleadings.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

[5]     *See Morgan v. Addison*, No. CIV-14-337-R, Docs. 1, 11, 12 (W.D. Okla.) (Morgan I).

law normally requires a state prisoner to file his federal habeas petition within one year of his state conviction becoming final" and "[h]ere, Mr. Morgan waited nearly three years to file his habeas petition." *Id.* And, regarding any possible tolling of the one-year period, the court concluded that "[e]ven crediting Mr. Morgan's assertions that he was on twenty-four-hour lockdown for the first eight months of confinement and that the hourly requirements of his subsequent job assignment prevented him from accessing the law library, he still falls short of explaining why it took nearly three years to lodge his petition." *Id.*

### B. Plaintiff's complaint.

The undersigned broadly considers Plaintiff's rambling, repetitive, and rhetorical allegations to (1) assert claims regarding the timeliness of his habeas petition and the validity of his conviction, Doc. 1, at 1-6; (2) to assert violations of his civil rights during his detention and confinement in the Oklahoma County Detention Center (OCDC), *id.* at 2-3, 6; and (3) to voice complaints about conditions of his current confinement, *id.* at 7-8.

#### 1. Plaintiff's claims regarding the timeliness of his habeas petition and the validity of his conviction.

Plaintiff alleges that Congress is prohibited by the First Amendment from making any law abridging the right to petition the government for a redress of grievances "[y]et this court is standing on [the Antiterrorism and Effective

3

Death Penalty Act of 1996 (AEDPA)] to time bar my writ of habeas corpus." *Id.* at 1. He claims, "[c]learly AEDPA is unconstitutional and should be struck down." *Id.*

He alleges that "[m]y civil right to due process have been taken from me" and "[b]ecause of my charges the police, the sheriff, and the prosecution have acted in a conspiracy against me causing me to be discriminated against." *Id.* He states, "I have claimed and I believe proven ineffective assistance of counsel[ w]hich carries no time statute with it. My attorney told me she would have killed me if she were married to me. Further taking away my civil rights and my Sixth and Fourteenth Amendment right." *Id.*

Plaintiff claims that "[t]he Oklahoma City police took away my right to not self incriminate myself"; coerced him into "sign[ing] a complete confession"; and violated his Fifth Amendment rights by interrogating him when his attorney was not present. *Id.* at 2. He contends that as "a part of the conspiracy," he was prevented from making phone calls from the Oklahoma County Jail – from booking on November 11, 2010 until February 16, 2011 – and could not "contact an attorney and had to use the public defender"; and, as its "roll in this conspiracy" "[t]he prosecution added seven new counts to my case without any new victims being found." *Id.* at 3. He claims his "Sixth Amendment right to counsel was clearly taken from me," alleging that "a full two months after my

4

arrest my attorney . . . still had not read my police report" and "[a]ll she was interested in was getting me to take a plea bargain and move on to the next case." *Id.*

Plaintiff contends that "[a]fter leaving LARC I was sent to Lawton Correctional Center[w]here we were on lockdown a[]lmost continually 24,7[ and] had no access to the law library[ f]or over eight months . . . ." *Id.* at 4. He asserts, "We have been significantly prejudiced by the judicial system. We ask for AEDPA to be struck down as unconstitutional and ask to have the merits of our case heard." *Id.* Then, after noting that AEDPA "sets forth a one year period of limitation for habeas petitioners who are in state custody," he alleges he was "then sent to Joseph Harp [Correctional Center]" where he was employed for a year and a half by "Citadel working Monday - Friday 7:30 am - 4:30 pm the same hours the law library is open." *Id.* at 5.

### a. Habeas relief is not available in a civil rights action.

Plaintiff questions the constitutionality of AEPDA, but asks only for monetary relief. *Id.* at 11. Any attempt by Plaintiff to reurge the timeliness and other merits of his habeas petition must be made through the habeas corpus process.[6] A civil rights action brought under 42 U.S.C. § 1983 "will not lie when

---

[6] The undersigned takes no position on the availability of such relief.
(continued...)

5

a state prisoner challenges the fact or duration of his confinement and seeks either immediate release from prison or the shortening of his term of confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (internal citations and quotation marks omitted). To challenge the fact of his confinement, a state prisoner "must seek federal habeas corpus relief (or appropriate state relief) instead." *Id.* at 78.

> **b. Claims for monetary damages under § 1983 that challenge the validity of Plaintiff's conviction are premature.**

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court determined that a plaintiff may not recover damages in a § 1983 action "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless the plaintiff first proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Id.* at 486, 487. But,

---

⁶(...continued)
"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

here, Plaintiff has not – nor can he – show that his conviction has been overturned. Those "claim[s are] barred by *Heck* because a judgment in [Plaintiff's] favor would 'necessarily imply the invalidity of his conviction.'" *Glaser v. City & Cnty. of Denver, Colo.*, 557 F. App'x 689, 700 (10th Cir. 2014) (quoting *Heck,* 512 U.S. at 487).

> **2. Any claims by Plaintiff that his civil rights were violated during his detention and confinement at OCDC are time-barred.**

A sua sponte dismissal on screening follows "the long-standing rule that '[i]f the allegations . . . show that relief is barred by the applicable statutes of limitations, the complaint is subject to dismissal for failure to state a claim.'" *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1096 (10th Cir. 2009) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)). Here, among his allegations of conviction-related constitutional violations, Plaintiff intersperses claims that his civil rights were violated during his detainment or confinement at OCDC. Specifically, Plaintiff maintains the Oklahoma County Sheriff subjected him to cruel and unusual punishment and violated his due process rights by "plac[ing] a convicted police murderer into my protective custody cell . . . [w]hom over a four day period threatened to kill me on three different occasions." Doc. 1, at 2. He further asserts he was effectively denied the right to make telephone calls from his booking date of November 11, 2010, until February 16, 2011. *Id.* at 3.

7

"State statutes of limitations applicable to general personal injury claims supply the limitations periods for § 1983 claims, but federal law governs the time of accrual of § 1983 claims." *Beck v. City of Muskogee Police Dep't,* 195 F.3d 553, 557 (10th Cir. 1999) (citations omitted). Oklahoma's two-year statute applies to Plaintiff's claims. *See Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988); Okla. Stat. tit. 12, § 95(A)(3). "A civil rights action accrues when facts that would support a cause of action are or should be apparent." *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995) (internal quotation marks omitted).

Any fact that might support a civil rights claim in connection with Plaintiff's detention and confinement at OCDC would have been apparent no later than May 11, 2011, Plaintiff's Oklahoma Department of Corrections (DOC) reception date.[7] Absent tolling, the statute of limitations on these claims would then expire in May, 2013, over a year and a half before Plaintiff filed this complaint.

Oklahoma permits tolling in limited circumstances:

> The first circumstance is the existence of a legal disability, which has been applied in cases where a plaintiff's competency is impaired or where the plaintiff has not yet reached the age of majority. The second circumstance is when defendants engage in false, fraudulent or misleading conduct calculated to lull plaintiffs into sitting on

---

[7] http://docapp065p.doc.state.ok.us/servlet/page?_pageid=394&_dad=portal30&_schema=PORTAL30&doc_num=637673&offender_book_id=393845 (last visited April 29, 2015).

> their rights. [Finally,] in the appropriate case, exceptional circumstances may justify tolling a statute of limitations.

*Young v. Davis*, 554 F.3d 1254, 1258 (10th Cir. 2009) (quotations, alterations, and citations omitted). Oklahoma's exceptions to a statute of limitations "are strictly construed and are not enlarged on consideration of apparent hardship or inconvenience." *Resolution Trust Corp. v. Grant*, 901 P.2d 807, 813 (Okla. 1995). The plaintiff bears "the burden of establishing a factual basis for tolling the statute." *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

In considering whether Plaintiff has stated a factual basis for tolling under Oklahoma law, the undersigned accepts as true Plaintiff's allegations that forty-five days after being received into DOC custody, he was sent to an institution on near continuous lock-down status with "no access to the law library . . . for over eight months . . . ." Doc. 1, at 4, 5. Similarly, the undersigned credits Plaintiff's claim he was then sent to Joseph Harp Correctional Center where he worked for the next year and a half "Monday - Friday from 7:30 am - 4:30 pm the same hours the law library is open." *Id.* at 5. But "[t]here is nothing about these factual circumstances that would trigger tolling under Oklahoma law - no legal disability, no fraudulent concealment, and no exceptional circumstances." *Young*, 554 F.3d at 1258. Neither Plaintiff's

9

claim that he was subjected to cruel and unusual punishment when a convicted murder was placed in his cell nor his contention that he was denied the right to make telephone calls is complex. Neither implies "why [Plaintiff] needed . . . a law library to prepare a timely § 1983 complaint containing the basic allegations supporting th[ose] claim[s] . . . ." *Watkins v. Craft*, 455 F. App'x 853, 856 (10th Cir. 2012). Nothing about the facts alleged by Plaintiff implicate the exceptional circumstances that would warrant tolling of the statutory limitations period under Oklahoma law or otherwise suggest Plaintiff's "attempts to diligently pursue his claims." *Young*, 554 F.3d at 1259.

Because it is clear from the face of Plaintiff's complaint both that his claims are untimely and there are no meritorious tolling issues, any claims by Plaintiff that his civil rights were violated during his detention and confinement at the OCDC are time-barred and fail to state a claim on which relief may be granted.

### 3. Plaintiff lacks standing to bring the claims he asserts regarding the current conditions of his confinement.

In complaining about the conditions of his present confinement, Plaintiff first cites case law addressing overcrowding and alleges that "Robert Patton new DOC head has placed permanent bunk beds into the day room of G Unit at Joseph Harp with no facilities. The existing units were designed and ventilated

for single occupant cells and now are two man cells." Doc. 1, at 7. He points to other case law "noting that officials may be held liable for not adequately training or supervising their employees." *Id.* He claims "Oklahoma adopted truth in sentencing guidelines in 1995 without adopting a matrix which has led to overcrowding in all of the states penal system, which is further placing our lives in danger." *Id.* He alleges that "[a]fter 10:00 pm count the guard locks the pod door with no panic bar or way of escape"; "[w]e have multi level floors with no rear fire escape"; "kitchen workers . . . are pad locked in with no working panic bars and usually only (1) one supervisor with a key"; "[o]ne kitchen supervisor Omega has been reprimanded several times for ass[a]ulting inmates and for verbally abusing us almost on a daily basis"; over a forty-five day period "we have had (2) sexual rapes that were reported"; "[l]ast summer we had at least (3) three persons die with no way to contact medical personnel with a panic button in cells"; and "[t]he guards are so understaffed one officer is responsible for (2) two units or 160 men to one." *Id.* at 7-8.

At best, Plaintiff speculates as to the risk of future injury. He fails to state "that he suffered an injury-in-fact as a result of th[ese] alleged [violations and] therefore lacks standing to bring th[ese] claim[s]." *Lemmons v. Clymer*, No. 14-5135, 2015 WL 1518072, at * 3 n.3 (10th Cir. Apr. 6, 2015) (unpublished op.).

## II. Recommendation and notice of right to object.

Because Plaintiff's complaint fails to state any claim on which relief may be granted in a 42 U.S.C. § 1983 action, the undersigned recommends dismissal under 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(2). If this recommendation is adopted, the undersigned further recommends that Plaintiff's motion for appointment of counsel – based only on his inability to appear at hearings – be denied as moot. Doc. 11.

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before May 24, 2015, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 4th day of May, 2015.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE