IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DAVID BRIAN MORGAN, )
)
      Plaintiff, )
)
v. ) Case No. CIV-14-1416-D
)
MIKE ADDISON, Warden, *et al.*, )
)
      Defendants. )

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B). Upon initial screening of the Civil Rights Complaint, Judge Mitchell recommends the dismissal of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) for failure to state a claim upon which relief can be granted. Plaintiff has filed a timely written objection. Thus, the Court must make a *de novo* determination of the portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, seeks damages for alleged constitutional violations that occurred during his confinement at the Oklahoma County Detention Center and his incarceration by the Oklahoma Department of Corrections ("DOC"). After examining the Complaint, Judge Mitchell concludes that Plaintiff is attempting to: 1) challenge a prior dismissal of his habeas petition as time-barred; 2) assert claims that would necessarily imply the invalidity of his conviction and are premature under

*Heck v. Humphrey*, 512 U.S. 477 (1994); 3) bring § 1983 claims that are time barred by the applicable statute of limitations; and 4) assert claims regarding overcrowded conditions at DOC facilities that he lacks standing to bring because he does not allege that he suffered any injury as a result of the conditions. If the Court adopts the recommendation for dismissal, Judge Mitchell recommends that Plaintiff's motion for appointment of counsel be denied as moot.

Liberally construing Plaintiff's objection, the sole issue in the Report addressed by Plaintiff is whether his Complaint sufficiently states a § 1983 claim based on overcrowded conditions of confinement. The Court finds that Plaintiff has waived further review of all other issues addressed in the Report.[1] Plaintiff also objects to Judge Mitchell's assignment to his case because she was previously assigned to his habeas case and issued an adverse ruling, and he objects to Judge Mitchell's delay in ruling on his motion for appointment of counsel.

Upon *de novo* consideration of the specific issues raised by Plaintiff's objection, the Court fully concurs in Judge Mitchell's analysis and finds no error. A general complaint about prison overcrowding is insufficient for an inmate to state an actionable claim. To establish standing, a plaintiff "must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury

---

[1] The court of appeals has adopted a firm waiver rule, under which "a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court." *See United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). The consequence of Plaintiff's failure to address a specific issue is a waiver of further review with respect to that issue. *See id.*; *see also Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

or threat of injury must be both real and immediate, not conjectural or hypothetical." *See City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983) (internal quotations omitted). To have standing to bring a claim regarding prison conditions, a prisoner must state "facts connecting the allegedly unconstitutional conditions with his own experiences [in the prison], or indicating how the conditions caused him injury." *See Swoboda v. Dubach*, 992 F.2d 286, 289 (10th Cir. 1993). Plaintiff does not allege any facts from which to infer that he personally suffered any injury or threat of injury as a result of the allegedly overcrowded and understaffed conditions in DOC facilities. Plaintiff lacks standing to raise claims on behalf of other inmates who may have been injured, and general observations about prison conditions are insufficient. *See id*. at 289-90.

Plaintiff also provides no basis from which to conclude that Judge Mitchell should be removed from his civil rights case. The law is clear that adverse rulings are not sufficient grounds for disqualifying a judge. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997); *see also United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005).

Finally, the Court finds that Judge Mitchell providently waited to address Plaintiff's motion for appointment of counsel until she determined the sufficiency of his pleading. The only reason stated in the motion for needing counsel was "to help us proceed with our case" and "to be there for any necessary hearings." *See* Motion [Doc. No. 11], p.1. Further, the merits of a prisoner's claims and the nature and complexity of the issues are proper factors to be considered when considering whether to appoint counsel. *See Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012).

For these reasons, the Court concurs in Judge Mitchell's finding that the Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). The Court further finds that the pending motion to appoint counsel should be denied as moot.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 12] is ADOPTED. The Complaint is DISMISSED without prejudice for failure to state a claim on which relief can be granted.[2] Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that Plaintiff's motion for appointment of counsel [Doc. No. 11] is DENIED.

IT IS SO ORDERED this 27th day of May, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] An action that is premature under *Heck* must be dismissed without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996). Also, a future action based on overcrowded DOC conditions may be possible if Plaintiff hereafter suffers some injury or threat of injury.